IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARLIE S. KISNER,

    Plaintiff,

v.                                        Civil Action No. 5:06CV60
                                                        (STAMP)
MICHAEL J. ASTRUE,[1]
Commissioner of
Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Arlie S. Kisner, filed an application on August 8, 2003 for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. In the application, the plaintiff alleged disability since July 18, 2003, due to chronic obstructive pulmonary disease, asthma, insomnia, and degenerative disease. The plaintiff's application was denied at the initial and reconsideration levels. The plaintiff requested a hearing, and a hearing before Administrative Law Judge ("ALJ") Steven Slahta was held on March 8, 2005. The plaintiff, represented by attorney Regina Carpenter, testified on his own behalf. Vocational Expert ("VE") James Ganoe also testified at the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is automatically substituted as the defendant in this action.

hearing. On May 12, 2005, the ALJ issued a decision finding that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review on March 15, 2006, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the adverse decision.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. Magistrate Judge Kaull considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge found that the Commissioner's decision to deny the plaintiff's application for DIB was supported by substantial evidence and recommended that the defendant's motion for summary judgement be granted and the plaintiff's motion for summary judgment be denied.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed timely objections to which the defendant responded.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections were received in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which the plaintiff has objected. All other findings of the magistrate judge will be reviewed for clear error.

## III. Discussion

In his motion for summary judgment, the plaintiff contends that (1) the ALJ failed to properly evaluate the treating physician's opinions pursuant to SSR 96-2p and (2) the ALJ failed to properly consider that the claimant's spine condition met Listing 1.04 and thus the decision is not supported by substantial evidence. The Commissioner argues that substantial evidence supports both the ALJ's evaluation of the medical evidence and his finding that the plaintiff's impairments did not meet or equal any of the listed impairments, including Listing 1.04.

An ALJ's findings must be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A.  Medical Opinions of Record

Magistrate Judge Kaull found that the ALJ's evaluation of the opinions of the plaintiff's treating physician, pursuant to SSR 96-2p, is supported by substantial evidence. The magistrate judge similarly found that the ALJ's evaluation of the opinions of the plaintiff's examining physician and the state agency physicians is also supported by substantial evidence. Following a de novo review of the record, this Court agrees.

SSR 96-2p provides that the opinion of a treating physician is entitled to controlling weight when, among other things, the treating source's medical opinion is well-supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the claimant's case record. However, a treating physician's opinion should be accorded significantly less weight if it is not supported by clinical evidence or if it is found to be inconsistent with other substantial evidence. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

In this case, the ALJ's decision to accord less weight to the opinions of Dr. Malone, the plaintiff's treating physician, is supported by substantial evidence in the record that Dr. Malone's opinions are inconsistent, overly broad, and fail to list the plaintiff's specific limitations. The plaintiff objects to the finding of both the ALJ and the magistrate judge that Dr. Malone's opinions are internally inconsistent. The plaintiff argues that Dr. Malone's opinions are not inconsistent because the plaintiff's back condition "is worse at times and better at times" and Dr. Malone's records accurately reflect this fluctuation of symptoms. (Pl.'s Objections 1). The plaintiff urges that Dr. Malone's treatment records must be considered as a whole. In response, the defendant asserts that the magistrate judge has already considered and rejected the plaintiff's argument.

This Court finds that the plaintiff's objection on this point is without merit. A review of Dr. Malone's records as a whole reveals that during his treatment of the plaintiff both before and after the plaintiff filed an application for DIB, Dr. Malone observed only "mild," "slight" or "moderate" symptoms or limitations in the plaintiff. Despite these consistent observations in his patient examination notes, on November 12, 2003, Dr. Malone wrote a letter in which he stated that the plaintiff's condition had "significantly deteriorated" over the past several years. (R. 214.) Dr. Malone indicated that the

plaintiff is "in daily pain which seems to be increased significantly with any increase in activity or just from sitting for any significant amount of time (greater than thirty to forty-five minutes)" and that the plaintiff's lower extremities are "somewhat weak."  Id.  Based on these findings, Dr. Malone expressed the opinion that the plaintiff is "permanently and totally disabled."  Dr. Malone's opinion in this regard is plainly inconsistent with his treatment records, which previously and consistently described the plaintiff's limitations as "mild," "slight" or "moderate."  Therefore, to the extent that Dr. Malone's medical opinions are inconsistent with other substantial evidence in the record, his opinions are not entitled to controlling weight. See SSR 96-2p; Craig, 76 F.3d at 590.  Thus, the ALJ was justified in according less weight to Dr. Malone's opinions.

The plaintiff also objects to the weight given by the ALJ to the opinions of non-examining state agency physicians, Dr. Lauderman and Dr. Franyutti, that the plaintiff can perform light work.  The plaintiff contends that those physicians rendered their opinions respectively on December 10, 2003 and March 12, 2004, before significant additional medical findings were made regarding the plaintiff's condition. Specifically, the plaintiff argues that the physicians did not have the benefit of Dr. Labatia's March 30, 2004 findings that the plaintiff suffers from muscle spasms, range of motion limitation, muscle weakness, diminished sensations,

abnormal straight leg raising, and an antalgic gait because those findings were made after the state agency physicians rendered their opinions. The plaintiff also argues that the state agency physicians did not know that the plaintiff received a nerve block on his lumbar region with a diagnosis of spinal stenosis.

The plaintiff's objection on this point is also without merit. The ALJ considered the opinions of the state agency physicians "to the extent that they show that the claimant's ability to perform exertional work or non-exertional work requirements are not grossly restricted." (R. 22.) The ALJ noted that he agreed with the opinions of the state agency physicians "to the extent that the opinions seem consistent with the majority of the objective findings in the medical evidence." Id. Although the state agency physicians did not have the benefit of knowing about the nerve block and Dr. Labatia's March 30, 2004 findings, the ALJ did know about such evidence and considered it accordingly. With regard to Dr. Labatia's March 30, 2004 opinion, the ALJ determined that the opinion should not be given significant weight because, although based on the same objective diagnostic information, it is inconsistent with an opinion he rendered in 2003. Specifically, on October 8, 2003, Dr. Labatia[2] concluded that the plaintiff does not

---

[2]As properly noted by the magistrate judge, Dr. Labatia does not qualify as a treating physician because his treatment relationship with the plaintiff was not lengthy, extensive or frequent enough to provide a "detailed, longitudinal picture of [the plaintiff's] medical impairments." See 20 C.F.R.

7

have spinal stenosis, but on March 30, 2004 and April 1, 2004, relying on the same MRI results, Dr. Labatia concluded that the plaintiff does have spinal stenosis. Because Dr. Labatia provided no explanation for the reversal of his opinion over the period of only a few months, the ALJ properly gave Dr. Labatia's opinion less weight.

Additionally, the ALJ clearly considered all of the medical evidence of record, including claimant's receipt of a nerve block with a diagnosis of spinal stenosis. Indeed, although the ALJ gave more weight to the opinions of the state agency physicians who concluded that the plaintiff is capable of performing light work, the ALJ ultimately concluded, based on all of the medical evidence before him, that the plaintiff is able to perform only sedentary work.

Finally, the plaintiff did not object to the magistrate judge's finding that Dr. Malone's opinions are overly broad[3] and fail to list the plaintiff's specific limitations, and this Court

---

404.1527(d)(2). Thus, his opinion is not entitled to "controlling weight." Id.

[3] Dr. Malone's opinion in his November 12, 2003 letter was overbroad because it addressed the ultimate issue of plaintiff's diability. Opinions on ultimate issues, such as disability status under the social security regulations are reserved exclusively to the ALJ. 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1). Statements by medical sources to the effect that a claimant is "disabled" are not dispositive, but an ALJ must consider all the medical findings and evidence that support the medical sources. Id.

8

does not believe that those findings are clearly erroneous. Thus, this Court concludes that the ALJ properly evaluated the opinions of the physicians who rendered opinions regarding the plaintiff's condition.

B. <u>Listing 1.04</u>

Magistrate Judge Kaull found that the ALJ's analysis of Listing 1.04 criteria regarding disorders of the spine is sufficient based on the evidence of record and that the ALJ's conclusion that the plaintiff did not manifest all of the necessary criteria is supported by substantial evidence. The plaintiff did not object to the magistrate judge's report and recommendation on this point, and this Court does not believe the recommendation to be clearly erroneous. As noted by the magistrate judge, the ALJ's decision reflects that he identified the listed impairment and compared the listed criteria to the evidence of the plaintiff's symptoms. In this way, the ALJ's analysis met the requirement of <u>Cook v. Heckler</u>, 783 F.2d 1168, 1172-73 (4th Cir. 1986), that an administrative determination "facilitate judicial review."

IV. <u>Conclusion</u>

Because this Court finds that the recommendation is not clearly erroneous and that the plaintiff's objections lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be

9

GRANTED and that the plaintiff's motion for summary judgment be DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   January 24, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE